**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X    Case No. 17-40583-CEC.
In Re:

    **Wanda Conti,**                                         **Notice of Constitutional challenge**
                                                                      **of Statute 11 U.S.C. §§ 362(c)(3) & (4)**

                 Debtor.                             **Chapter 11 Proceeding**

-----------------------------------------------------------X

Bankruptcy Rule 9005.1 Notice of Constitutional Challenge of Statute with the Court
*by*
**<u>The Debtor, Wanda Conti</u>**

     Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, as incorporated in the Fed. R. Bankr. P. 9005.1, the debtor, Wanda Conti ("Debtor") by and through her counsel, respectfully file this Notice of Constitutional Challenge of Statute with the Court and hereby Notify the Attorney General and United States Trustee's Offices having jurisdiction cases over the bankruptcy cases and related proceedings thereto, of Eastern District of New York

     In support thereof the Debtor posits as follows:

1. The debtor, an "*individual,*" filed the present case, 11 U.S.C. § 301, under Chapter 11 of the Bankruptcy Code.  Under a routine filing "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter," entailing an automatic stay under 11 U.S.C. § 362.

2. A creditor filed letters with this Court, claiming stay free commencement of this case. The said creditors seek exception to stay under 11 U.S.C. 362(c)(4). They claim that this section seeks to disqualify from stay benefit, those "*individual* under this title, and if 2 or more single or joint cases of the debtor were pending within the previous

1

   year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)." 11 U.S.C. § 362(c)(4)(A)(i), (emphasis added).

3. This is *individual* debtor's third bankruptcy, the earlier ones (Case Nos. 15-40163 and 16-44853) having been dismissed within "the previous year." The first one had a confirmed plan but it was not consummated and second one suffered improvidently as the debtor's debts were exceeding debt ceiling codified under 11 U.S.C.§ 109 (e).

4. Had the debtor been a non- "*individual*" entity, it would have had the benefit of automatic stay. For being an "individual" carrying her business, she is being penalized. The debtor file this Notice to clarify that through this action, and as reflected in her summary memorandum, she is challenging the constitutionality of 11 U.S.C.§§ 362(c)(3), (4)(A)(i) as *applied.* These provisions as applied to the debtor are constitutionally suspect, violating equal protections of laws, impermissibly denying the debtor and similarly placed other "individuals" of the full benefit of the Bankruptcy Code as given to the none-individual [a corporation] in a chapter 11 context. The impugned provisions as applied also are in violation of the first amendment of the constitution as they seek compel the debtor to hold property or business in a corporate name rather than individually as the "individual" debtors would not be able to avail the Bankruptcy Code's benefit. Thus it also violates due process, as articulated by the Supreme Court: "The liberty mentioned [in the due process clause] . . . is deemed to embrace the right of the citizen . . . to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation." *Allgeyer v. Louisiana,* 165 U.S. 578, 589 (1897).

5. Constitution's Article I, § 8 authorizes Congress to establish "uniform laws on the subject of bankruptcies throughout the United States." This power is internally limited by the uniformity requirement, albeit a geographic one, *Regional Rail Reorganizations Act Cases*, 419 U.S. 102, 158, 160 (1974) and externally by the Fifth Amendment, *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555 (1935).

6. The extant bankruptcy law resulted from The Bankruptcy Reform Act of 1978 (Pub.L. 95–598, 92 Stat. 2549, November 6,1978) and further amended under The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) (Pub.L. 109–8, 119 Stat. 23, enacted April 20, 2005).

7. BAPCPA provided, despite the continuing eligibility filing in its new provisions for "individuals," § 362(c)(3) and (4) that automatic stay shall be available for 30 days in second bankruptcy filing and would not be available at all in the third bankruptcy filing. This bar applies only to the individuals and not to any other entity.

    a. Congress targeted individuals repeat filing and not the other entities by denying them the stay benefits under section 362. Even under the most rudimentary reasonableness test, this violates equal protection of laws: no regulatory provision was repugnant to equal protection as long as it is "place[d] under the same restrictions, and subject[ed] to like penalties and burdens, all who . . . [were] embraced by its prohibitions: thus recognizing and preserving the principles of equality among those engaged in the same [regulated activities.]" *Powell v. Pennsylvania,* 127 U.S. 678, 687 (1888).

    b. "Individuals[s]" or human beings have been singled for penalizing under the bankruptcy code and not others availing the step process. There is no

"rationality in the nature of the class singled out." *Rinaldi v. Yeager*, 384 U.S. 305, 308-09 (1966). If the rationality was to check abusive filing, there is no rational, or massive studies undertaken to prove that the individuals abuse bankruptcy system more than the corporations. See *Zobel v. Williams*, 457 U.S. 55 (1982) (invalidating as irrational a statutory scheme in which Alaska distributed income from its natural resources to state residents based upon their length of residency, thus not qualifying as a "legitimate state purpose"); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985) (invaliding as applied, a zoning ordinance requiring a special use permit for a proposed group home for the mentally retarded, holding the requirement not "rationally related to a legitimate governmental purpose"). It is true that, the government is "not bound to deal alike with all . . . classes, or to strike at all evils at the same time or in the same," *Semler v. Dental Examiners*, 294 U.S. 608 (1935), the law still can be "irrational," when its efficacy is dubious and goals insubstantial, *Plyer v. Doe*, 437 U.S. 202 (1982) (invalidating a Texas law, denying free public education to the children of illegal class despite that status as "undocumented alien" being relevant to a valid legislative goal). "In the light of these countervailing costs, the discrimination contained in [the legislation] can hardly be considered rational unless it furthers some substantial goal of the state." *Plyer* at 224.

c. This inequality of treatment regarding availing a federal bankruptcy relief morphs, as an individual as opposed to running the business under a corporate name, into a serious concern. It impacts fundamental rights. Indeed, this

4

       section 362 exception to stay regarding individual repeat filers, as opposed to those corporation availing the same benefit, creates inequality demanding a strict scrutiny.

   d. It is ironic that the corporation are being increasingly clothed with rights and for human, it is a narrow construction of such rights. Corporation may on religious grounds refuse to comply with a federal government mandate. *Burwell v. Hobby Lobby*, 573 U.S. ___ (2014) (recognized a for-profit corporation's claim of religious belief, and allowing it to claim federal exemptions under Religious Freedom Restoration Act from secular laws). See also, *First National Bank of Boston v. Bellotti*, 435 U.S. 765 (1978) (holding corporation first amendment right), accord Citizens *United v. Federal Election Commission* 558 U.S. 310 (2010) (recognizing freedom of speech of corporation). Also corporation could invoke Equal Protection Clause. "It would be a most singular result if a constitutional provision intended for the protection of every person against partial and discriminating legislation by the states, should cease to exert such protection the moment the person becomes a member of a corporation."" *Railroad Tax Cases*, 13 F. 722 (C.C.D. Cal. 1882); Liggett Co. v. Lee, 288 U.S. 517, 536 (1933); *Gulf, Colo. & Santa Fe Ry. v. Ellis*, 165 U.S. 150, 154 (1897); *Pembina Mining Co. v. Pennsylvania*, 125 U.S. 181, 188-89 (1888).

8. Whether one holds properties and or conduct business in personal name or in the name of the corporation is a matter of personal choice. As much as there is a choice for instance as the Supreme Court found that "'implicit in the right to engage in

activities protected by the First Amendment' is 'a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends,'" *Boy Scouts of America v. Dale*, 530 US 640, 147 L Ed 2d 554 (2000), citing *Roberts v. United States Jaycees*, 468 US 609, 82 L Ed 2d 462 (1984), there is a choice to pursue the same without excising such choice. One does not need to incorporate but carry the business name in one's own name. Subjecting such a person who does not incorporate, to penalties under the bankruptcy code impairs the freedom of that individual to exercise his or her constitutional rights. There is no rational basis for treating differently bankruptcy automatic stay regarding repeat filers by individuals and corporations. Clearly certain exercises of a governmental power over individuals might be found to violate due process requirements not so much because of the particular acts or choices that are subtracted from the individual's array of options by the exercise of power in question as because of the degree to which those exercises of governmental power take over—in essence, commandeer- the shape and direction of individual lives by squeezing them into arena of limited options.

9. The legislature could enact laws that could protect discrete groups, usually the vulnerable ones, like minorities and or children, however denying benefits to humans and extending the same to the corporation cannot pass constitutional muster. Thanks to this irrational statute, exempting corporation from the sanctions of section 362(c)(4), If Ms. Conti had her properties in the name of a corporation, she would not be in this predicament. Clearly, "law . . . must not be a special rule for a particular person or a particular case, but . . . [t]he general law . . .' so 'that every citizen shall

hold his life, liberty, property and immunities under the protection of the general rules which govern society.'" *United States v. Winstar Corporation*, 518 U.S. 839 (1996).

10. The aforesaid arguments related to equal protection clauses are applicable to the congressional actions under the Due Process Clause of the Fifth Amendment.

11. The debtor believes this summary of arguments satisfies her substantive obligations under Rule 5.1(a)(1)(A) and (a)(2).   To the extent the time requirements set forth in Rule 5.1(c) would be triggered by this Notice, the Attorney General has 60 days from receipt of this Notice to intervene in this matter. The debtor shall be emailing and sending copies of this notice to the United States Trustees Office for this area and the Attorney General's office, but serving the Unites States Attorney's office for the Eastern District.

12. Wherefore the Court is requested to set a briefing schedule for this issue or treat the foregoing as a preliminary argument.

Respectfully submitted,

Dated: New York NY
February 27, 2017

Wanda Conti, Debtor

By: /s/karamvir dahiya
_____
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001
karam@legalpundit.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Bayview Loan Serivicing, LLC
Via: rgriswold@logs.com, NYBKCourt@logs.com
Robert W. Griswold on behalf of Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Throu

Jerold C Feuerstein on behalf of Creditor 28-05 34th DEBT LLC
jfeuerstein@kandfllp.com

Richard Pilson
RichardJPilson@aol.com

United States Trustee's Office
USTPRegion02.BR.ECF@usdoj.gov

William.E.Curtin@usdoj.gov

     I further certify that the foregoing was served upon the Attorney General of United States by mailing a copy thereof to the address indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service.:

    **Served via FedEx.**
    **United States Attorney's Office**
    **Eastern District of New York**
    **271 Cadman Plaza E, Brooklyn, NY 11201**

Dated: New York NY
February 27, 2017                                           Wanda Conti, Debtor

                                                                         By: /s/karamvir dahiya
                                                                         _____
                                                                             Karamvir Dahiya
                                                                    Dahiya Law Offices, LLC
                                                               75 Maiden Lane Suite 506
                                                                      New York NY 10038
                                                                          Tel: 212 766 800